ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **JOEL HERNÁNDEZ SANTOS**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrida | KLRA202400045 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>**B705-32455** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Mediante *Moción en Solicitud de Revisión Administrativa sobre Clasificación de Custodia* incoada el 29 de enero de 2024, comparece ante nos, por derecho propio y en *forma pauperis*, Joel Hernández Santos (Hernández Santos o Recurrente ), integrante de la población correccional.[1] Solicita que revisemos la *Resolución,* número de caso: B705-32455, emitida el 20 de octubre de 2023 por el Comité de Clasificación y Tratamiento (Comité), adscrito al Departamento de Corrección y Rehabilitación (Corrección).

Por los fundamentos expuestos a continuación, *confirmamos* la *Resolución* de referencia.

I.

Desde el 2 de mayo de 2008, el Recurrente cumple una sentencia de trescientos quince (315) años de prisión por la comisión de tres (3) asesinatos en primer grado e infracción a varios artículos de la Ley de Armas, Ley Núm. 404-2000, (25 LPRA sec. 455 *et seq.*) (Ley de Armas de 2000). Según los cálculos actuales del

---

[1] Se autoriza al recurrente su comparecencia *In Forma Pauperis*.

Departamento de Corrección y Rehabilitación, cumplirá el mínimo de sentencia el 21 de agosto de 2037 y el máximo 7 de octubre de 2314. El 5 de agosto de 2008, el Comité lo clasificó a custodia máxima. Posteriormente, el 19 de abril de 2022, fue reclasificado a custodia mediana, lo cual se ratificó el 19 de mayo de 2023.

El 26 de junio de 2023, luego de la denegación de la reconsideración de su clasificación, el Recurrente solicitó revisión administrativa ante el Tribunal de Apelaciones. Señaló que "[e]rró el Comité de Clasificación y Tratamiento al ratificar la custodia mediana del Recurrente utilizando como único fundamento la Modificación No Discrecional 'Más de 15 años antes de la fecha máxima de libertad bajo palabra'".[2] El 28 de septiembre de 2023, nuestro panel hermano determinó que procedía devolver el caso al Comité para que se evaluara el plan institucional del recurrente, conforme a la normativa vigente. La determinación **NO PREJUZGÓ** los méritos de ratificar la custodia mediana o la reclasificación a custodia mínima.[3]

El 20 de octubre de 2023, el Comité se reunió y emitió una *Resolución* luego de evaluar el plan institucional del Recurrente al amparo de la decisión del Tribunal de Apelaciones.[4] El Comité acordó ratificar la custodia mediana del Recurrente.

Cabe destacar que la Escala de Reclasificación de Custodia (Escala) es un formulario que considera varios factores para determinar la clasificación de una persona encarcelada. La Escala utiliza factores objetivos para llegar a un total numérico. Este total está basado en la consideración de agravantes o atenuantes definidos en el Manual para la clasificación de los confinados, Departamento de Corrección y Rehabilitación, Reglamento Núm.

---

[2] Véase, KLAN202300410, panel compuesto por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón (jueza ponente).
[3] *Íd.*
[4] Apéndice del *Recurso de revisión administrativa*.

9151 de 22 de enero de 2020 (Manual). El Manual también contempla una serie de factores discrecionales que el Comité puede utilizar para aumentar o bajar el nivel de custodia del confinado. En lo pertinente, un total de cinco (5) puntos o menos conlleva una clasificación mínima. Un total de seis (6) a diez (10) puntos conlleva una clasificación mediana.

El Comité le asignó al Recurrente un total de dos (2) puntos en los factores objetivos. Seis (6) puntos por la gravedad de sentencia que cumple el Recurrente. Se le restaron cuatro (4) puntos por haber terminado programas de adiestramiento y por su edad actual. Unos de los factores discrecionales que contempla la Escala son las "modificaciones discrecionales para un nivel de custodia más alto". En este caso, el Comité consideró la gravedad de los delitos por cuales el Recurrente se encuentra encarcelado (tres asesinatos en primer grado y una violación a la Ley de Armas de 2000). Concluyó que esto constituía razón suficiente para desviarse de los factores objetivos y clasificar al Recurrente a custodia mediana.

El 28 de noviembre de 2023, el Comité determinó no acoger la reconsideración oportunamente radicada. Su fue notificada el 20 de diciembre de 2023.[5]

Inconforme, el 16 de enero de 2024, el Recurrente presentó el *Recurso de revisión administrativa* que tenemos ante nuestra consideración. La misma fue recibida en el Tribunal de Apelaciones el 29 de enero de 2024. El Recurrente solicita que revoquemos la determinación del Comité. Señala los siguientes errores:

**1. ERRÓ EL [COMITÉ] AL RATIFICAR LA CUSTODIA MEDIANA DEL PETICIONARIO UTILIZANDO COMO ÚNICO FUNDAMENTO LA MODIFICACIÓN DISCRECIONAL "GRAVEDAD DEL DELITO".**
**2. ERRÓ EL [COMITÉ] AL ALEGAR QUE EL PETICIONARIO EMPIEZA A CUMPLIR EL TÉRMINO DE SENTENCIA MÍNIMO EL 7 DE OCTUBRE DE 2017, DESACATANDO LA ORDEN DEL TRIBUNAL DE APELACIONES DEL 28 DE SEPTIEMBRE DE 2023.**

---

[5] *Íd.*

II.

A.

El artículo 4.006 (c) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y (c)) faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Los organismos administrativos merecen la mayor deferencia judicial, puesto que estos tienen el conocimiento especializado sobre los asuntos que les han sido delegados. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712 (2012). Al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad de las decisiones y actuaciones de la agencia. *Íd.* Todas las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo que la parte que las impugne debe producir suficiente evidencia para derrotarla. *Íd.* El criterio administrativo solo debe ser descartado cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).

B.

La Sección 19 del Artículo VI de la Constitución de Puerto Rico, Const. ELA [Const. PR], LPRA Tomo 1, dispone que las instituciones penales deben conducir hacia la rehabilitación moral y social de los confinados.

A tales fines, la Asamblea Legislativa creó el Departamento de Corrección y Rehabilitación. Ley Núm. 2-2011, (3 LPRA Ap. XVIII sec. 1 *et seq.*). Entre sus funciones está la "clasificación adecuada y revisión continúa de la clientela, conforme a los ajustes y cambios de ésta". *Íd.*, art. 5 (a). La población confinada será sometida a

evaluaciones periódicas "a los fines de clasificarlos y determinar el plan de acción a tomar en cada caso, en armonía con los principios de tratamiento individualizado y seguridad pública". *Íd.*, art. 10.

Para cumplir con estos propósitos, Corrección aprobó el Manual para la clasificación de los confinados, Departamento de Corrección y Rehabilitación, Reglamento Núm. 9151 de 22 de enero de 2020 (Manual). En lo pertinente, la Sección 7 del Manual establece el proceso para reclasificar a un confinado. Dispone que "[l]a reevaluación de custodia no necesariamente tiene como resultado un cambio en la clasificación de custodia o la vivienda asignada".

El Apéndice K del Manual da instrucciones relacionadas a la reclasificación de un confinado. Sobre las modificaciones discrecionales para un nivel de custodia más alto, dispone que "toda modificación discrecional debe estar basada en documentación escrita [...]". En cuanto a la modificación discrecional por gravedad del delito, nos dice que debe aplicar en casos donde:

> **La puntuación subestima la gravedad del delito**. El personal debe documentar las características del delito que aparecen en la declaración de los hechos que se están utilizando como fundamento para la decisión de la modificación.
> Los confinados cuyas circunstancias del delito y sus consecuencias hayan creado una situación de tensión en la comunidad, revistiéndose el caso de notoriedad pública y la comunidad se siente amenazada con su presencia.
> Que el Tribunal haya sentenciado al confinado a cumplir sentencia mediante Reincidencia Agravada. (Énfasis nuestro).

Cualquier desviación de los criterios objetivos de la Escala de Reclasificación tiene que estar basada en las leyes y reglamentos aplicables. Debemos ser aún más rigurosos cuando la determinación de nivel de custodia está basada en un solo factor.

En *López Borges v. Adm. Corrección*, 185 DPR 603 (2012), el Tribunal Supremo rechazó que Corrección utilizara un solo factor exógeno para descartar la recomendación de los factores objetivos

de la Escala de Reclasificación. En este caso, la determinación de Corrección de no reclasificar al confinado a otro nivel de custodia estuvo basada "solamente en una disposición del Código Penal derogado". *Íd.*, pág. 613. Al considerar que el confinado era reincidente habitual, Corrección descartó "los demás elementos que se evalúan en la reclasificación, que responden al proceso de rehabilitación del recluso". *Íd.*, pág. 612. Por lo tanto, el Tribunal invalidó la determinación del Corrección por constituir un abuso de discreción.

En *Lebrón Laureano v. Depto. Corrección*, 209 DPR 489 (2022), aunque el Comité consideró un factor exógeno como único factor para desviarse de los criterios objetivos, este estaba contemplado en el Manual. Contrario, al caso de *López Borges v. Adm. Corrección*, "[n]o estamos ante una situación en la cual '[s]e descartaron los demás elementos que se evalúan en la reclasificación, que responden al proceso de rehabilitación del recluso'". *Íd.*, pág. 512 (citando a *López Borges v. Adm. Corrección*, *supra*, pág. 612).

> [A] diferencia de los hechos en *López Borges v. Adm. Corrección*, supra, **el Departamento de Corrección no descartó lo reglamentado en el Manual Núm. 8281**, para amparar su determinación en un único factor exógeno a su esquema reglamentario. Al contrario, **se condujo de acuerdo con lo dispuesto en el Manual Núm. 8281**, para la evaluación del confinado a través de la Escala de Reclasificación. *Íd.*

En resumen, puede haber un desvío del criterio objetivo, basado exclusivamente en un factor exógeno, **únicamente** si este factor está contemplado explícitamente por el Manual. En otras palabras, este factor tiene que ser un factor discrecional permitido.

III.

En el caso ante nos, el recurrente ha solicitado que revoquemos la determinación de Corrección por ratificar la custodia mediana utilizando como único fundamento la modificación discrecional: gravedad del delito. No le asiste la razón.

Este factor discrecional está contemplado por el Manual y presente en las Escalas de Reclasificación. En consecuencia, el Comité puede considerarlo al momento de evaluar al confinado. Como hemos señalado, cuando la designación de nivel de custodia se desvía de la recomendada por los criterios objetivos al considerarse un solo factor exógeno, debemos confirmar la determinación únicamente si ese factor está contemplado por el Manual. Concluimos que el Comité actuó de manera razonable al considerar la gravedad del delito en su determinación de nivel de custodia. Por lo tanto, *confirmamos* la determinación de Corrección.

IV.

Por los fundamentos que anteceden, *confirmamos* la *Resolución* de referencia.

Notifíquese a todas las partes. El Departamento de Corrección y Rehabilitación deberá entregar copia de la presente *Sentencia* a Hernández Santos en cualquier institución donde se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones